**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4679

SHARON ANTOINETTE SPENCE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-62-PJM)

Submitted: September 8, 1999

Decided: October 22, 1999

Before WIDENER, ERVIN,* and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Veronice A. Holt, Washington, D.C., for Appellant. Lynne A. Bat-
taglia, United States Attorney, Stuart A. Berman, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sharon Spence appeals her conviction for making a false statement to United States Customs Officers in violation of 18 U.S.C.A. § 1001 (West Supp. 1999). Spence first claims that the district court erred in denying her motion to suppress approximately $23,306 in United States currency that was recovered from her purse by a customs officer. Specifically, she asserts the search of her purse exceeded the statutory and constitutional limits for searches by government agents. See U.S. Const. amend. IV; 31 U.S.C. § 5317(b) (1994). We disagree. Constitutional principles are not offended by routine warrantless searches that occur at the functional equivalent of national borders. See Almeida-Sanchez v. United States, 413 U.S. 266, 272-73 (1973). Permissible searches include those removed in time and space from the actual border. See United States v. Berisha , 925 F.2d 791, 794 (5th Cir. 1991); see also United States v. Harper, 617 F.2d 35, 37 n.2 (4th Cir. 1980). Searches of luggage and personal effects are a lawful part of a routine border search. See United States v. Johnson, 991 F.2d 1287, 1291-92 (7th Cir. 1993); see generally California Bankers Ass'n v. Schultz, 416 U.S. 21, 63 (1974) (dicta); United States v. Oriakhi, 57 F.3d 1290, 1294-97 (4th Cir. 1995). Accordingly, the district court did not err in denying Spence's motion to suppress.

Spence next claims that the district court erred in deciding her motion without an evidentiary hearing. We review this claim for an abuse of discretion. See generally United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Our review of the record discloses that no material facts were in dispute. Although Spence challenged the conclusions of law that were drawn from those facts by the Government and the district court, there was no disputed fact requiring an evidentiary hearing.

Accordingly, we affirm Spence's conviction. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED